DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


MARK CIPOLLINA,

Appellant,

v.

JUDITH CIPOLLINA,

Appellee.


No. 2D22-28

_____

January 19, 2024

Appeal from the Circuit Court for Sarasota County; Maria Ruhl, Judge.

Angela D. Flaherty of Flaherty Law Firm, Sarasota, for Appellant.

Judith Cipollina, pro se.


BLACK, Judge.

    Mark Cipollina, the former husband, appeals from the order modifying the award of alimony to Judith Cipollina, the former wife. The former husband contends that the evidence at the hearing on the former wife's modification petition does not support the court's findings and that the former wife failed to establish a change of circumstances. We agree.

The parties were divorced in 2019. In the final judgment of dissolution, as relevant to this appeal, the trial court ordered unequal distribution of marital assets in favor of the former wife and found that the former wife was entitled to and had a need for permanent periodic alimony, that the former husband was not voluntarily unemployed at the time of the dissolution and had been terminated from his employment because his job had become "redundant" as the result of technological advancement, and that the former husband had no ability to pay alimony. The court therefore awarded nominal alimony to the former wife. Neither party appealed from the final judgment of dissolution.

In 2020, the former wife filed the subject petition to modify the award of nominal alimony set forth in the dissolution judgment. She sought to establish a greater amount of permanent periodic alimony and alleged that since the entry of the dissolution judgment, the former husband had not made "good faith effort[s] to find comparable income in the field of his expertise, i.e., banking and finance, where he consistently earned at least $500,000 per year for the majority of the parties' marriage." She further alleged that although the former husband had opened a franchise location of handyman services where he earned $200 per week, the former husband had significant income from other sources. At no point in the petition for modification did the former wife allege that since the entry of the dissolution judgment there had been a substantial and unanticipated material change in circumstances.

At the evidentiary hearing on her petition for modification, the former wife testified that her need for alimony has not changed since entry of the dissolution judgment. The former husband's financial information was admitted into evidence; however, the former wife presented no testimony concerning the former husband's ability to pay

2

based on that evidence. The former wife presented no evidence regarding available jobs in the former husband's prior work sector; in fact, she testified that she "did not know what the banking opportunities [were] in Naples" and that she was not aware of any jobs that would provide the same income that the former husband had previously earned.

The former husband did not contest the former wife's need; rather, he contended that his ability to pay had not changed and that the modification standard could not be satisfied. The former husband presented evidence and testimony regarding his franchise of "Mr. Handyman," a general contractor entity. He submitted his business's tax return for 2020, establishing negative taxable income of $101,686 and compensation to the former husband of $12,600. The business's 2019 tax return was also submitted, establishing a similar negative income and compensation to the former husband. He testified that his age and the advancements in technology in the financial sector, as well as not having the client base or certifications necessary for continued financial work in the United States, precluded him from gaining employment in that sector. He further testified that he had taken a substantial portion of his equitable distribution to purchase the franchise. The former husband testified that he has approximately $500,000 invested in his franchise, comprised of loans and his retirement funds, and that he is not yet breaking even. He was questioned about depreciation line items on his business tax documents, but no expert testified. He was also questioned about his portion of the equitable distribution available as income.

In closing, the former wife asked for $2,300 in monthly alimony based on the former husband's monthly expenses of $4,952 and monthly income of $7,634, which was approximated from the former husband's

3

business records and his financial affidavit without consideration of the testimony that he paid his expenses from funds allocated to him as part of the equitable distribution (including deferred compensation). The trial court granted the former wife's petition and ordered the former husband to pay monthly alimony of $2,500 and retroactive alimony totaling $50,725.85.

On review of an order on an alimony modification petition, "[w]e review the trial court's factual determinations for an abuse of discretion and its legal conclusions de novo." *Vuchinich v. Vuchinich*, 373 So. 3d 15, 16 (Fla. 2d DCA 2023) (citing *Jarrard v. Jarrard*, 157 So. 3d 332, 337-38 (Fla. 2d DCA 2015)). Section 61.14(1)(a), Florida Statutes (2021), provides for the modification of alimony when "the circumstances or the financial ability of either party changes" and explains that the court has the authority to decrease or increase alimony "as equity requires, giving due regard to the changed circumstances or the financial ability of the parties." It is the burden of the party moving for modification to establish "(1) there has been a substantial change in circumstances, (2) the change was not contemplated at the time of the final judgment of dissolution, and (3) the change is sufficient, material, permanent, and involuntary." *Vuchinich*, 373 So. 3d at 16 (quoting *Jarrard*, 157 So. 3d at 336).

The former husband argues on appeal that the former wife "simply failed to meet her burden of proving there had been a substantial change of circumstances so as to establish the [f]ormer [h]usband now has the ability to pay support." We agree. None of the former wife's evidence established a substantial, material change warranting modification. The evidence established that the former husband's handyman business is operating at a loss; and the former wife presented no evidence that the

4

depreciation values should not be considered.  The testimony and evidence presented by the former wife established that there has been no change as required by the statute, and "while the trial court may properly consider the former husband's assets in determining his ability to pay, the court cannot require the former husband to deplete assets to make alimony payments."  *See Galligar v. Galligar*, 77 So. 3d 808, 812 (Fla. 1st DCA 2011).

The former wife failed to establish a change in circumstances.  *See Jarrard*, 157 So. 3d at 336-37.  Accordingly, the court abused its discretion in modifying alimony.  *Cf. Girard v. Girard*, 351 So. 3d 27, 29 (Fla. 4th DCA 2022) (concluding that the court abused its discretion in imputing income "in the absence of evidence that there was a substantial and permanent change in circumstances since the final judgment").  The order granting the petition for modification of alimony is reversed.

Reversed.

SILBERMAN and MORRIS, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

5